UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MALIK CAMPBELL,

Plaintiff,

v.

9:26-CV-0396
(BKS/ML)

HEARING OFFICER MORRIS, et al.,

Defendants.

---

APPEARANCES:

MALIK CAMPBELL
Plaintiff, pro se
19-A-1809
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

BRENDA K. SANNES
Chief United States District Judge

**DECISION AND ORDER**

## I. INTRODUCTION

In March 2026, plaintiff pro se Malik Campbell ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). In a Decision and Order filed on May 8, 2026 (the "May Order"), plaintiff's IFP Application was granted and, following a review of the complaint pursuant to 28 U.S.C. § 1915(e)(B) and 28 U.S.C. § 1915A(b), plaintiff's Fourteenth Amendment due process claims against defendants Hearing Officer Morris ("Morris") and Director of Special Housing Unit John/Jane Doe II ("Doe II") and

state law claims for negligence and intentional infliction of emotional distress against Morris survived review and required a response. Dkt. No. 4.

## II. DISCUSSION

### A. Fourteenth Amendment Due Process Claims

Because it was not clear whether Morris' disciplinary determination subjected plaintiff to "mixed sanctions" affecting both the duration and the conditions of his confinement, the Court advised plaintiff that in order to proceed with his due process claims against Morris and Doe II, he must submit a "*Peralta* Waiver" within thirty days of the filing of the May Order. *See* Dkt. No. 4 at 17. Plaintiff did not respond to the May Order.

On June 29, 2026, the Court issued the following Order:

> Pursuant to this Court's Decision and Order filed on May 8, 2026 (the "May 2026 Order"), plaintiff was directed to file a *Peralta* waiver on or before June 8, 2026. *See* Dkt. No. 4. To date, plaintiff has not complied with the Courts directives. If plaintiff fails to file a *Peralta* Waiver, the Fourteenth Amendment due process claim will be dismissed from this action without prejudice in accordance with the May 2026 Order. In light of plaintiff's pro se status, the Court, sua sponte, affords plaintiff an extension of time to submit the *Peralta* waiver. If plaintiff wishes to proceed with his Fourteenth Amendment due process claims, he must comply with the directives set forth in the May 2026 Order within thirty (30) days. Upon the filing of the *Peralta* waiver, or upon the expiration of the thirty (30) days, the Clerk of the Court is directed to return the file to the Court for review.

Dkt. No. 6 (the "June Order"). Plaintiff did not respond to the June Order and has not communicated with the Court since March 2026.

Plaintiff was warned that in the event a proper *Peralta* Waiver was not filed, his due process claims would be dismissed without prejudice in accordance with *Heck v. Humphrey*. Despite an extension of time, and opportunities afforded to plaintiff to comply with the Court's orders, plaintiff has not submitted a *Peralta* Waiver. Accordingly, plaintiff's Fourteenth

Amendment due process claims against Morris and Doe II are dismissed. *See Girard v. Cuttle*, No. 9:15-CV-0187 (TJM/DJS), 2016 WL 4133543, at *2 (N.D.N.Y. Aug. 3, 2016).

**B. State Law Claims**

As noted *supra*, in addition to the federal due process claims, plaintiff also asserted state law claims. A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *White v. Living Res. Corp.*, No. 1:23-CV-00430 (AMN/MJK), 2024 WL 964225, at *3 (N.D.N.Y. Mar. 6, 2024) (citing *inter alia Motorola Credit Corp. v. Uzan*, 388 F.3d 39, (2d Cir. 2004) ("[A]s a general proposition . . . if [all] federal claims are dismissed before trial . . . the state claims should be dismissed as well") (quotation and citation omitted); *see also Rodriguez v. New York Downtown Hosp.*, No. 14 CIV. 5958, 2015 WL 5244680, at *6 (S.D.N.Y. Sept. 8, 2015) (citing *Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994) ("[I]t is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims prior to trial.")).

**III. CONCLUSION**

**WHEREFORE,** it is hereby

**ORDERED** that the Fourteenth Amendment due process and state law claims are **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice, and close the case.

**IT IS SO ORDERED.**

Dated: September 30, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge